**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROSALINDA ORTIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MERCANTILE ADJUSTMENT BUREAU, LLC; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff  Rosalinda Ortiz brings this action to secure redress against unlawful collection practices engaged in by defendant Mercantile Adjustment Bureau, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C. §1692k.

4.      Venue in this District is proper because defendant's collection communications were received in this District.

### PARTIES

5.      Plaintiff Rosalinda Ortiz resides in the Northern District of Illinois.

6.      Defendant Mercantile Adjustment Bureau, LLC is a limited liability company with offices at  6390 Main Street, Suite 160, Williamsville, NY 14221.   It does

business in Illinois.   Its registered agent and office is National Registered Agents, 200 W. Adams, Chicago, IL 60606.

7.      Defendant Mercantile Adjustment Bureau, LLC  operates a collection agency.

8.      Defendant Mercantile Adjustment Bureau, LLC  holds one or more collection agency licenses.

9.      Defendant Mercantile Adjustment Bureau, LLC  uses the mails and telephones to collect debts originally owed to other entities.

10.      Defendant Mercantile Adjustment Bureau, LLC  is a debt collector as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

11.      On or about August 10, 2009,  defendant sent plaintiff the document attached as Exhibit A.

12.      Exhibit A seeks to collect an alleged debt incurred for personal, family or household purposes, and not for business purposes.

13.      On September 10, 2009, plaintiff, by counsel, faxed a letter to defendant advising that she disputed the debt and was represented.  A copy of the letter and transmission receipt is attached as Exhibit B.

14.      Defendant did not verify the debt.

15.      Defendant continued contact with plaintiff, directly. Attached as Exhibit C is a letter which defendant sent to plaintiff on October 22, 2009.

## COUNT I  – FDCPA

16.      Plaintiff incorporates paragraphs 1-15.

17.      Defendant violated 15 U.S.C. §1692g, by continuing collection activities without providing verification, and 15 U.S.C. §1692c, by contacting a represented debtor directly.

18.     15 U.S.C. §1692g provides:

(a)     **Notice of debt; contents.   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**

(1)     **the amount of the debt;**

(2)     **the name of the creditor to whom the debt is owed;**

(3)     **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

(4)     **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

(5)     **a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

(b)     **Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(c)     **Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

3

(d)    **Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

(e)    **Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §1 *et seq.*], title V of Gramm-Leach-Bliley Act [15 USCS §6801 *et seq.*], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

19.    15 U.S.C. §1692c provides:

(a)    **Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –**

    (2)    **if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer....**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

4

(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

6